IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED,<br><br>       Plaintiffs,<br>vs.<br><br>BRIGHTSKY LLC, XNNOVATION CANADA, INC., INTELLIGENTONE TECHNOLOGIES, INC., and SECURACOM GPS, INC. D/B/A GPS ANYPLACE<br><br>       Defendants. | **Case No.: 1:12-cv-0773**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs ArrivalStar S.A. and Melvino Technologies Limited (collectively, "ArrivalStar" or "Plaintiffs"), by and through their undersigned attorneys, for their complaint against defendants

BrightSky LLC ("BrightSky"), Xnnovation Canada, Inc. ("Xnnovation"), IntelligentOne Technologies, Inc.("IntelligentOne"), and SecuraCom GPS, Inc. D/B/A GPS AnyPlace ("GPS AnyPlace")(BrightSky, Xnnovation, IntelligentOne, and GPS AnyPlace are referred to herein as "Defendants") hereby allege as follows:

## NATURE OF LAWSUIT

1.  This action involves claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

## THE PARTIES

2. ArrivalStar S.A. is a corporation organized under the laws of Luxembourg and having offices at 67 Rue Michel, Welter L-2730, Luxembourg.

3. Melvino Technologies Limited is a corporation organized under the laws of the British Virgin Island of Tortola, having offices at P.O. Box 3152, RG Hodge Building, Road Town, Tortola, British Virgin Islands.

4. ArrivalStar owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 6,278,936 ("the '936 patent"), entitled "System and method for an advance notification system for monitoring and reporting proximity of a vehicle," issued August 21, 2001. A copy of the '936 is annexed hereto as Exhibit A.

5. ArrivalStar owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 6,714,859 ("the '859 patent"), entitled "System and method for an advance notification system for monitoring and reporting proximity of a vehicle," issued March 30, 2004. A copy of the '859 is annexed hereto as Exhibit B.

6. ArrivalStar owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 6,741,927 ("the '927 patent"), entitled "User-definable communications methods and systems," issued May 25, 2004. A copy of the '927 is annexed hereto as Exhibit C.

7. ArrivalStar owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 6,804,606 ("the '606 patent"), entitled "Notification systems and methods with user-definable notifications based upon vehicle proximities," issued October 12, 2004. A copy of the '606 is annexed hereto as Exhibit D.

8. ArrivalStar owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 6,904,359 ("the '359 patent"), entitled "Notification

systems and methods with user-definable notifications based upon occurance of events," issued June 7, 2005. A copy of the '359 patent is annexed hereto as Exhibit E. The '359 patent was the subject of an *Inter Partes* reexamination at the United States Patent and Trademark Office. A Reexamination Certificate was issued on May 25, 2010 and is annexed hereto as Exhibit F.

9. ArrivalStar owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,191,058 ("the '058 patent"), entitled "Notification systems and methods enabling user entry of notification trigger information based upon monitored mobile vehicle location," issued March 13, 2007. A copy of the '058 patent is annexed hereto as Exhibit G.

10. Defendant BrightSky is a Florida Limited Liability Company having a place of business at 557 Bimini Bay Boulevard, Apollo Beach, Florida 33572. BrightSky transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Illinois services that infringe claims of the '936, '859, '927, '606, and '359 patents.

11. Defendant Xnnovation is a Canadian Corporation having a place of business at 38 Place du Commerce, #11-280, Ile des Soeurs, Quebec, H3E 1T8, Canada. Xnnovation transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Illinois services that infringe claims of the '936, '859, '927, '606, and '359 patents.

12. Defendant IntelligentOne is a Florida Corporation having a place of business at 3 Marina Terrace, Treasure Island, Florida 33706. IntelligentOne transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout

the State of Illinois services that infringe claims of the '936, '859, '927, '606, and '359 patents.

13.     Defendant GPS Anyplace is a Florida Corporation having a place of business at 34719 Sykes Road, St. Helens Oregon 07051. GPS Anyplace transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Illinois services that infringe claims of the '936, '859, '927, '606, '359, and '058 patents.

14.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

### **DEFENDANT BRIGHTSKY'S ACTS OF PATENT INFRINGEMENT**

15.     Defendant BrightSky has infringed claims of the '936, '859, '927, '606, and '359 patents through, among other activities, the use and sale of BrightSky's Tracking Portal vehicle tracking system.

16.     Defendant BrightSky's infringement has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '936, '859, '927, '606, and '359 patents.

### **DEFENDANT XNNOVATION'S ACTS OF PATENT INFRINGEMENT**

17.     Defendant Xnnovation has infringed claims of the '936, '859, '927, '606, and '359 patents through, among other activities, the use and sale of Xnnovation's GloboTrack Cloud Server vehicle tracking system.

18.     The GloboTrack Cloud Server vehicle tracking system was developed by BrightSky.

19. Defendant Xnnovation's infringement has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '936, '859, '927, '606, and '359 patents.

**DEFENDANT INTELLIGENTONE'S ACTS OF PATENT INFRINGEMENT**

20. Defendant IntelligentOne has infringed claims of the '936, '859, '927, '606, and '359 patents through, among other activities, the use and sale of IntelligentOne's KnowWhere GPS vehicle tracking system.

21. The KnowWhere GPS vehicle tracking system was developed by BrightSky.

22. Defendant IntelligentOne's infringement has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '936, '859, '927, '606, and '359 patents.

**DEFENDANT GPS ANYPLACE'S ACTS OF PATENT INFRINGEMENT**

23. Defendant GPS Anyplace has infringed claims of the '936, '859, '927, '606, and '359 patents through, among other activities, the use and sale of GPS Anyplace's Personnel tracking system.

24. GPS Anyplace's Personnel tracking system was developed by BrightSky.

25. Defendant GPS Anyplace has also infringed claims of the '859, '927, '359, and '058 patents through the use and sale of GPS Anyplace's Fleet Tracking system.

26. Defendant GPS Anyplace's infringement has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further

infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '936, '859, '927, '606, '359, and '058 patents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court to enter judgment against the Defendants, and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate ArrivalStar for the infringement that has occurred, together with prejudgment interest from the date that Defendant's infringement of the ArrivalStar patents began;

B. Increased damages as permitted under 35 U.S.C. § 284;

C. A finding that this case is exceptional and an award to ArrivalStar of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction prohibiting further infringement, inducement and contributory infringement of the ArrivalStar patents; and

E. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

ArrivalStar demands a trial by jury on all issues presented in this Complaint.

Dated: February 3, 2012          Respectfully submitted,

         /s/ Anthony E. Dowell
Anthony E. Dowell
aedowell@dowellbaker.com
Geoffrey D. Smith
GSmith@dowellbaker.com
DOWELL BAKER, P.C.
201 Main St., Suite 710
Lafayette, IN 47901
(765) 429-4004
(765) 429-4114 (fax)

**ATTORNEYS FOR PLAINTIFFS ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED**